# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4971 | **DATE** | 9/6/2001 |
| **CASE TITLE** | ANTOINETTE SMITH vs. RUSH PRESBYTERIAN-ST. LUKES MEDICAL CENTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] [5-1] The motion to dismiss is granted in part and denied in part. Counts I and III are dismissed with prejudice as to retaliatory actions alleged in ¶¶ 17, 35, and 49. The motion to dismiss Counts I and III pertaining to discriminatory discharge and harssment claims is denied. Counts II and IV are dismissed with prejudice. Defendant shall answer the surviving claims by September 19, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 10 2001 | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 8 |
| | Copy to judge/magistrate judge. | 9/6/2001 date mailed notice | |
| SB | courtroom deputy's initials | 01 SEP -7 PM 7:32 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE SMITH | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 4971 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| RUSH PRESBYTERIAN-ST. LUKES | ) | |
| MEDICAL CENTER | ) | |
| | ) | |
| Defendant. | ) | |

SEP 1 0 2001

## MEMORANDUM OPINION AND ORDER

Antoinette Smith sues Rush Presbyterian-St. Lukes Medical Center ("Rush") for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I & III); 42 U.S.C. § 1981 (Count II); and breach of an oral employment agreement (Count IV). Rush moves to dismiss Counts I and III as they pertain to claims outside the scope of the Equal Employment Opportunity Commission ("EEOC") charge, as well as Counts II and IV.

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Smith was hired as a Rush temporary day worker in 1998. Complaint ("Compl.") at ¶ 9. In 1996, Smith was promoted to a senior transcriptionist position. *Id.* at ¶ 12. During the course of her employment, Smith alleges she received "threatening, insulting, and demeaning treatment" because of her race. *Id.* at ¶ 13. Smith

1



notified Rush of her race discrimination claims. Smith and Rush had a meeting to review her complaints. *Id.* at ¶ 15-16. Smith alleges Rush took no action to remedy the situation.

After reporting the discriminatory conduct, Smith claims she was treated differently by Rush employees. Specifically, she was (1) not assigned a permanent work station, and was forced to use the desks of other employees; (2) denied salary increases and promotions; (3) threatened with reduction in her work hours; and (4) asked to consider working from home with reduced responsibilities. *Id.* at ¶ 17. Rush employees purportedly called Smith a "nigger," and mocked her daily. *Id.* at ¶ 18. Smith alleges Rush took no action after she informed them of these incidents. *Id.* at ¶¶ 19-20.

In December 1996, Rush notified Smith that if she continued her performance, she would be guaranteed a position until retirement. *Id.* at ¶ 37. Relying on this promise, Smith did not pursue her race discrimination claims. On February 20, 1998, Smith alleges Dorothy Malecki, a Rush employee, significantly altered the temperature settings where she was working. *Id.* at ¶¶ 25-30. When she protested, Malecki verbally assaulted her using racial slurs.

Smith's employment was terminated on February 27, 1998. *Id.*, Ex. 1. She alleges the termination was a result of her complaints of race discrimination, and her threats to file an EEOC charge against Rush. *Id.* at ¶ 35. Smith filed a charge with the EEOC on July 29, 1998. The EEOC issued a right to sue letter on April 2, 2001.

I. **Motion to Dismiss**

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A

2

claim may be dismissed only if there is no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Vonderohe v. B & S of Fort Wayne, Inc.*, 36 F.Supp.2d 1079, 1081 (7th Cir. 1999). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## II. Counts I and III - Title VII

Rush contends Counts I and III contain allegations of retaliation not found in Smith's EEOC charge. Count I alleges discrimination in the terms and conditions of Smith's employment. Compl. at ¶ 41. Count III alleges harassment based on her race, and retaliation in the form of denial of promotions and pay increases. *Id.* at ¶¶ 47, 49. The following claims are realleged in Counts I and III: (1) discharge; (2) denial of promotions and salary increases; (3) denial of a permanent work station; (4) reduction of hours; and (5) attempts to transfer her to a position of reduced responsibility. *Id.* at ¶¶ 17, 35. Smith contends those five actions were in retaliation for reporting incidents of discrimination and harassment. *Id.*

As a general rule, a plaintiff cannot bring claims in federal court that were not included in her EEOC discrimination charge. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). This rule is imposed to afford the EEOC and the parties an opportunity to settle the dispute through conference and conciliation, as well as to give the employer fair notice of the conduct in issue. *Id.* at 44; *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). As a result, "only those claims that are fairly encompassed within an EEOC charge may be the subject of a resulting lawsuit." *Maloney v. R.R. Donnelley & Sons*, No. 97 C 8890, 1998 WL 381973, at *1 (N.D. Ill. July 6, 1998). Title VII claims are permissible "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claims in the complaint can reasonably be expected

3

to grow out of an EEOC investigation of the allegations in the charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994).

In her EEOC charge, Smith alleged she was discharged because of her race. She referred to the argument with Malecki. She claimed Rush failed to take steps to discipline Malecki, and created a hostile work environment. Those allegations concerned race discrimination. She made no mention of acts of retaliation by Rush for complaining about racial harassment and discrimination. She did not check the retaliation box. Her EEOC charge does not recount any of the four retaliatory actions alleged in her complaint. With respect to the fifth action – discharge – Smith did not assert retaliation as a reason for her termination from Rush in her EEOC charge. "Retaliation and discrimination are separate and distinct wrongs. Indeed, the very gist of retaliatory harassment actions is that the employer has 'lashed out' against an employee for filing discrimination charges, not out of animosity for the employee's race or national origin." *Nair v. Bank of Am. Illinois*, 991 F. Supp. 940, 954 (N.D. Ill. 1997). Accordingly, Smith's claims of race discrimination are not reasonably related to retaliatory actions. *See Daniels v. Nationwide* Insurance, No. 99 C 0757, 1999 WL 495649, at *4 (N.D. Ill. June 28, 1999) (discrimination charges not reasonably related to retaliation); *Washington v. Jenny Craig Weight Loss Center*, 3 F.Supp.2d 941, 948-49 (N.D. Ill. 1998) (constructive discharge claim based on race discrimination not reasonably related to EEOC retaliation charge).

Smith's allegations of retaliatory acts not included in her EEOC charge may be considered only if the acts occurred after the charge was filed. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir. 1996). Smith was terminated on February 27, 1998, almost five months before she filed her EEOC charge. Indisputably, Smith could have alleged retaliatory actions in her EEOC

complaint.

Rush argues acts of discriminatory discharge and harassment are beyond the scope of her EEOC charge. But Rush does not point to any paragraphs in the complaint that should be stricken. Nevertheless, the argument is without merit. As noted above, Smith raised claims of race discrimination and hostile work environment in her EEOC charge. The allegations in her complaint concern related racially discriminatory acts, such as the incident with Malecki. *See Cheek*, 31 F.3d at 501 (Title VII plaintiff need not allege every fact in her EEOC charge). Accordingly, Counts I and III are dismissed only as they pertain to retaliatory actions alleged in ¶¶ 17, 35, and 49 of the complaint.

**III.    Count II - Section 1981**

Rush argues Smith's § 1981 claims are time-barred. Smith was terminated on February 27, 1998. She did not file this complaint until June 28, 2001. Because § 1981 does not provide a limitations period, federal courts borrow and apply "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987); *see also Runyon v. McCrary*, 427 U.S. 160, 180-182 (1976); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462-64 (1975). The most appropriate statute of limitations for a § 1981 claim is the state statute of limitations for personal injury. *Goodman*, 482 U.S. at 660. In Illinois, the limitations period for personal injury claims is two years. 735 ILCS 5/13-202. The Seventh Circuit has approved the use of the two-year tort statute of limitations to § 1981 actions. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 n. 2 (7th Cir. 1995). Application of the Illinois tort statute of limitations would bar Smith's § 1981 claims.

In response, Smith claims the statute of limitations is tolled under the continuing violation

theory. Specifically, Smith contends so long as Rush maintains an employment record improperly charging her with misconduct, she suffers a continuing violation of § 1981. The continuing violation doctrine is not applicable. The effects of an illegal act are different from the act itself, and the fact that the effects linger will not toll the limitations period. *See Selan v. Kiley*, 969 F.2d 560, 565 n.3 (7th Cir. 1992) (noting "the present-effects-of-past-discrimination theory was rejected by the Supreme Court in *United Air Lines v. Evans*, 431 U.S. 553, 97 S. Ct. 1885, 52 L.Ed. 571 (1977)").

Smith asserts equitable defenses to toll the statute of limitations. Equitable estoppel focuses on whether Rush acted affirmatively to discourage or delay Smith from bringing suit within the limitations period. *Smith v. City of Chicago Heights*, 951 F.2d 834, 840-41 (7th Cir. 1992). Smith has not alleged any action by Rush that prevented her from filing suit after termination. Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990); *Smith*, 951 F.2d at 840. Smith does not argue she was unable to determine the basis for her claim. In fact, her complaint alleges she raised the issue of discrimination at least three times before her termination in February 1998. Compl. at ¶¶ 15-19. Accordingly, the doctrines of equitable estoppel and equitable tolling are inapplicable. Count II is time-barred.

### IV. Count IV - Breach of Oral Employment Contract

In Count IV, Smith contends Rush entered into an oral contract. Rush purportedly agreed to employ Smith until retirement, and not terminate her except for cause. Rush asserts Smith's oral employment agreement is barred by the Statute of Frauds. By statute in Illinois, "[n]o action shall be brought ... upon any agreement that is not to be performed within the space of one year from the

making thereof, unless ... in writing and signed by the party to be charged." 740 ILCS 80/1 (West 2001). The Statute of Frauds bars oral contracts for lifetime employment. *McInerney v. Charter Golf, Inc.*, 176 Ill.2d 482, 680 N.E.2d 1347 (1997). "A lifetime employment contract anticipates a relationship of long duration - certainly longer than one year." *McInerney*, 176 Ill.2d at 490, 680 N.E.2d at 1351-52.

Smith's alleged oral contract with Rush contemplated a duration longer than one year – until her retirement. *See Razdan v. General Motors Corp.*, 979 F. Supp. 755, 760 (N.D. Ill. 1997) (under *McInerney*, oral contract allowing plaintiff to keep his position "as long as he wished" was barred under the Statute of Frauds). The possibility that Rush could terminate employment for cause does not take the contract out of the Statute of Frauds. *McInerney*, 176 Ill.2d at 490; 680 N.E.2d at 1350 (contract is not outside the statute of frauds just because the plaintiff may die within a year); *Gilliland v. Allstate Insurance Co.*, 69 Ill.App.3d 630, 26 Ill.Dec. 444, 388 N.E.2d 68, 70 (1st Dist.1979) (same). In addition, Smith relies on a theory of promissory estoppel. However, since the statute of fraud applies, she cannot circumvent its effects by claiming reliance and promissory estoppel. *See McInerney*, 176 Ill.2d at 492; 680 N.E.2d at 1352 ("promissory estoppel does not bar the application of the statute of frauds in Illinois"); *Sinclair v. Sullivan Chevrolet Co.*, 45 Ill.App.2d 10, 195 N.E.2d 250, 254 (1964). Accordingly, Count IV must be dismissed.

## CONCLUSION

The motion to dismiss is granted in part and denied in part. Counts I and III are dismissed with prejudice as to retaliatory actions alleged in ¶¶ 17, 35, and 49. The motion to dismiss Counts I and III pertaining to discriminatory discharge and harassment claims is denied. Counts II and IV are dismissed with prejudice.

September 6, 2001

ENTER:

Suzanne B. Conlon
United States District Judge